IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 8:05CR147 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| JOSE MANUEL MONTOYA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the objection, Filing No. 50, to the report and recommendation of the magistrate, Filing No. 39. The government indicted the defendant charging him with being an alien, who, after a conviction for an aggravated felony,[1] knowingly and unlawfully entered the United States in violation of 8 U.S.C. § 1326(a) and (b)(2). Filing No. 9. Thereafter, defendant filed a motion to dismiss, Filing No. 33. Under 28 U.S.C. § 636(b)(1)(C), the court makes a de novo determination of those portions of the report or recommendations to which the parties object. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). Failure to engage in the required de novo review is reversible error. *Id.* at 599-600. The court has conducted a careful de novo review pursuant to 28 U.S.C. § 636(b)(1)(A) of the record; the transcript of the proceeding, Filing No. 40, which includes the ruling by the magistrate; the defendant's objection and brief, Filing No. 50; government's brief in opposition to the motion, Filing No. 35; and the magistrate's report and recommendation, Filing No. 39. The court concludes that the objections should be overruled and the magistrate's report and recommendation adopted.

Defendant appeared before an immigration judge on March 21, 2000, to determine if he should be deported. Ex. 1. Seven different detainees appeared at once. The

---

[1] The felonies include one for unlawful sexual intercourse with a child and one for domestic violence.

immigration judge collectively informed the detainees of their rights and then discussed the merits of each case with each individual detainee. The defendant moved to dismiss the indictment in this case on the basis that he did not receive his due process rights at this immigration hearing. Specifically, defendant objects contending that (1) he did not voluntarily and knowingly waive his right to counsel; (2) he did not receive a meaningful opportunity for judicial review; and (3) his deportation order was fundamentally unfair.

The court begins with the premiss that aliens are entitled to due process of law at their deportation hearing. *Reno v. Flores*, 507 U.S. 292, 306 (1993); *Lopez v. Heinauer*, 332 F.3d 507, 512 (8th Cir. 2003). "The decisions of the executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law. *Kaoru Yamataya v. Fisher*, 189 U.S. 86, 98 (1903). With regard to his right to counsel, the court notes that aliens do have a right to counsel in deportation proceedings at their own expense. 8 U.S.C. § 1229a(b)(4)(A). The magistrate found, and this court concurs, that defendant received adequate notice of his rights. The immigration judge told the detainees that "Gentlemen during this hearing you have the right to legal counsel at your own expense. If you cannot afford to pay for our own attorney there are some attorneys in this area who may be willing to take your case for free. The Immigration Service should have given you a list of these attorneys." Ex. 1, page 1. The judge then asked anyone who did not receive this document to stand and he would provide them with the same. No one stood. He also told them they could represent themselves, and, if they wanted a continuance to hire an attorney, he would give them thirty days. *Id*. When the immigration judge specifically heard defendant's case, he asked "Did you understand your legal rights as explained?" *Id*. at 3. The defendant replied in the affirmative. The judge then asked "Did you need some time to get an attorney?" The defendant responded "no" and agreed that he would speak for himself at the hearing. *Id*. The court finds that the immigration judge advised defendant of his rights to an attorney, and defendant received all of his due

process rights in this regard. *Uspango v. Ashcroft*, 289 F.3d 226, 331 (3rd Cir. 2002). The court further finds that defendant freely, knowingly and voluntarily waived his rights to an attorney, and, thus, his argument that he was prejudiced as set forth in *United States v. Mendez-Morales*, 384 F.3d 927, 93132 (8th Cir. 2004), is without merit.

The court next turns to defendant's argument that he did not receive adequate notice of his right to appeal the determination of the immigration judge. Again, the court finds this claim to be without merit. During the advice and instructions given by the immigration judge to the entire group of detainees, he said "And you should have received a Notice of your appeal rights as well. Is there anyone here who did not get these documents, please stand at this time and I will give them to you this morning. May the record reflect that no one is standing." Ex. 1, at 1. The immigration judge further stated that after he issued his opinion:

> At this point you will also have to make a decision. You will have to decide whether to accept my decision or whether to appeal my decision. If you appeal your case goes to a higher court called the Board of Immigration Appeals. It's their job to decide whether or not I've applied the law correctly to your case. You cannot be deported from the Untied States while your appeal is being considered by the Board of Immigration Appeals. In fact the law only allows you to be deported if you accept the deportation Order from me or if you loose [sic] the appeal.

*Id.* Then, during the hearing with the defendant herein, he said "yes" when the immigration judge asked if he understood his legal rights as explained. *Id.* at 3.

The immigration judge concluded that the defendant had three criminal convictions which made deportation mandatory. *Id.* at 8. The judge stated: "Under Federal Law I am required to order your deportation from the United States to Mexico. Do you wish to appeal that decision or are you set for deportation. Or do you want to think about it for 30 days?" *Id.* at 9. The defendant responded, "Naw, I'll go." *Id.* The court determines that the immigration judge clearly advised and questioned the defendant about his right to appeal.

The court further determines that the defendant knowingly, freely and voluntarily waived this right.

The court will now consider defendant's final objection to the magistrate's report and recommendation that the entry of his deportation order was not fundamentally unfair. Defendant makes no additional claims for this objection, other than those already addressed herein. Therefore, defendant cannot establish the requirements for collaterally attacking the underlying deportation order.  8 U.S.C. § 1326(d); *United States v. Torres-Sanchez*, 68 F.3d 227, 230 (8th Cir. 1995).  Accordingly, the court finds this objection to be without merit and overrules defendant's objection.  The defendant has failed to show any fundamental procedural error or prejudice.  *Lopez*, 332 F.3d at 512.

THEREFORE, IT IS ORDERED THAT:

1. Defendant's motion to dismiss, Filing No. 33, is denied;

2. Defendant's objections, Filing No. 50, are overruled; and

3. The report and recommendation of the magistrate as set forth in the transcript, Filing No. 39, is adopted in its entirety.

DATED this 14th day of February, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge