IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05CR147 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE MANUEL MONTOYA, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's Motion to Compel Return of File (Filing No. 70).  The defendant moves the court for an Order directing his attorney to return his file to assist him in preparation of pending litigation.  The motion is denied as premature.

While the defendant does not clearly indicate what pending litigation he is referencing, the defendant is warned that his deadline for filing a Motion under 28 U.S.C. § 2255  to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (§ 2255 motion) is quickly approaching.  As amended by the AEDPA,  28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -

(1)  the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Absent a later triggering date under subsections (2) - (4) above, the one-year period for filing a § 2255 motion in federal court begins to run on the date the challenged judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review. Because neither party filed a direct appeal, the defendant's judgment and conviction became final on or about July 5, 2006. Therefore, defendant may wish to file  post-conviction relief immediately by doing his best to state his claims for relief. Defendant will be granted leave to amend his § 2255 motion after the issue of the production of his file is resolved.[1]

IT IS ORDERED:

1.  That defendant's Motion to Compel Return of File (Filing No. 70) is denied as premature;

2.  The Clerk of Court is directed to send defendant a copy of this Memorandum and Order.

DATED this 22nd day of March, 2007.

BY THE COURT:

s/Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge

---

[1]  After filing his § 2255 motion, defendant may reassert his motion to obtain his file, or may file a motion under 28 U.S.C. § 2250 in lieu of obtaining the file from his attorney.  Title 28, § 2250 provides:

> If on application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

2